## Eleanor S. Martrick *versus* Jonathan Linfield *et al.*

Where a father gave his daughter, then of age and living in his family, a female calf, whose dam had died, if she would bring it up, and she brought it up by hand, and it was fed on the father's farm, and after it became a cow the milk was used in his family, and no charge was made by the father for the board of the daughter or for the keeping of the cow, nor by the daughter for her work or for the milk of her cow, it was *held*, that there was sufficient proof of a gift and delivery to show property in the daughter, as against a creditor of the father.

Trespass for taking the plaintiff's cow. At the trial, before *Putnam* J., the plaintiff's brother testified that his father gave the plaintiff a calf, which she brought up by hand, being the animal in question. The father of the plaintiff deposed, that he gave the plaintiff the calf if she would bring it up, the dam having previously died; that the plaintiff's mother said she had better not have it and have the trouble of it, but the plaintiff insisted on keeping it; that the plaintiff did bring it up, by hand; that she kept it on the deponent's farm until it was taken by the defendants in the fall of 1836; that the animal was six years old in the spring of that year; that the plaintiff was of age when the deponent gave her the animal; that the deponent had frequently brought up calves by hand on his farm, the labor being performed by his wife; that his wife did not assist the plaintiff in rearing this cow; that the milk of this cow was used in the family, like the milk from the deponent's cows; that the cow had been fed on the deponent's hay and in his pasture; that he sometimes foddered the cattle and drove them to pasture, and sometimes others did it for him; that he never thought of exacting any thing for his daughter's board, nor had she ever presented any account against him for her work; that his wife and daughter used to carry butter and cheese to market, but he did not know whether his daughter received any of the money arising from the sales; that his wife, by his direction, received all the money arising from the produce of the farm, and when he wanted any money she let him have it; that he gave the plaintiff the calf as her own, to do what she pleased with it; that he had given each of his two other daughters a cow; that they were both married

Martrick
v.
Linfield.

and had removed from his farm, and that one of them took away her cow and the other did not. One Bates testified that the cow in question was called Eleanor's. The defendants were informed that the cow belonged to the plaintiff, and were forbidden to take her away. They took her away, notwithstanding, and sold her to pay a tax due from the plaintiff's father.

The jury found a verdict for the plaintiff. The defendants contended that there was not sufficient evidence to prove a gift of the animal, nor a delivery of her to the plaintiff. If the whole Court should be of that opinion, a new trial was to be granted; otherwise judgment was to be entered on the verdict.

*Oct. 31st.*  *Ellis Ames*, for the defendants, cited 2 Kent's Comm. (1st edit.) 354, 355; *Hawkins* v. *Blewitt*, 2 Esp. R. 663; *Noble* v. *Smith*, 2 Johns. R. 52; *Parish* v. *Stone*, 14 Pick 203; *Ward* v. *Turner*, 2 Ves. sen. 431; *Pearson* v. *Pearson*, 7 Johns. R. 26; *Grangiac* v. *Arden*, 10 Johns. R. 293; *Irons* v. *Smallpiece*, 2 Barn. & Ald. 551; *Bunn* v. *Mark ham*, 7 Taunt. 224.

*King, contrà,* was stopped by the Court.

*Nov. 2d.*  *Per Curiam.* There was sufficient proof of the gift and delivery, to show property in the plaintiff. If this is in any degree controlled by the proof of the daughter's living with her father and bringing up this cow on pasture and fodder supplied by him, the inference to be drawn from that proof is sufficiently rebutted by the facts, that she contributed the milk of the cow and her own labor, to the general support of the family, which may be taken as a fair compensation for the keeping of the cow.

If fraud had been relied on, it should have been distinctly averred and put in issue.

*Judgment on the verdict*